## Isaac W. Pritchard, Appellee, v. Margaret McGregor, Appellant.

### Gen. No. 21,922.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. FREDERICK
A. SMITH, Judge, presiding. Heard in this court at the October
term, 1915. Affirmed in part, reversed in part and remanded. Opin-
ion filed April 18, 1917. Rehearing denied April 27, 1917.

### Statement of the Case.

Bill by Isaac W. Pritchard, as executor of the es-
tate of Sarah P. Doane, deceased, complainant,
against Margaret McGregor, defendant, to construe
the will and codicil thereto of the deceased. From a
decree construing the will and codicil, defendant ap-
peals.

ROBERT L. LYONS, for appellant; MARTIN L. WIL-
BORN, of counsel.

GEORGE W. HALL, for appellee; J. W. WHITEHEAD, of
counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opin-
ion of the court.

### Abstract of the Decision.

1. WILLS, § 489*—*when debts and funeral expenses are not
charge upon land.* Where a will provided, among other things, that
"after the payment of my debts and funeral expenses, I hereby
give, devise and bequeath" to the testator's sister certain lots dur-
ing the sister's natural life, then to certain other relatives for life,
with remainder over to a certain Home, the words "after the pay-
ment of my debts and funeral expenses" *held* not to make such
debts and expenses a charge upon the two lots referred to.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

2. APPEAL AND ERROR, § 855*—*when facts must be preserved by certificate of evidence.* Where there is an answer on file denying the allegations of a bill, in a chancery suit, the party obtaining relief, if the specific facts proven on the hearing are not found in the decree, must on appeal sustain the decree by preserving such facts by a certificate of evidence.

3. WILLS, § 429*—*when executor entitled to ask for construction of will.* The allegations of fact in the bill, the admissions in the answer and the decree, showing the decedent died leaving a will set up in the bill; that it was admitted to probate; that complainant qualified as executor; that decedent left surviving certain heirs at law; that she died seized of the real estate described in the will and in the decree, and that a controversy arose as to the true intent and meaning of certain provisions of the will, *held* to justify complainant in asking the Circuit Court for a construction of the will.

4. WILLS, § 226*—*what is sole purpose of construction.* The sole purpose of the construction of a will is to ascertain the intention of the testator that effect may be given to such intention, when not, contrary to public policy or in contravention of law.

5. WILLS, § 228*—*what is basis for determination of intent of testator.* The intention of a testator must be determined from an examination of the entire will.

6. EXECUTORS AND ADMINISTRATORS, § 77*—*when executor has no authority to collect rents.* Where a will devised to specified devisees all of the testator's real estate and provided in nominating and appointing an executor that such executor should "have full and exclusive possession of my entire estate until its final distribution," *held*, from an examination of the entire will and a codicil thereto, that no power or authority was given the executor to collect any rents from the real estate involved, notwithstanding there was a deficiency of personal assets to pay the deceased's debts, and that such provision as to possession of the entire estate until distribution applied only to the personal estate, if any.

7. WILLS, § 436*—*when question of construction of will as res judicata is not reviewable.* Where there was no admission in the pleadings and no finding in the decree from which appeal was taken as to an order by the County Court in which probate of a will was had construing such will, *held* that the question *of res judicata* as to the construction of the will was not before the court for review on appeal, on a bill to construe a will.

8. WILLS, § 423*—*when County Court has no jurisdiction.* County Courts have no jurisdiction to construe wills.

9. INFANTS, § 45*—*when court presumed to know value of services of guardian ad litem.* A court in allowing a fee to a guardian

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*ad litem* is presumed to know what the reasonable value of the services of the guardian is, notwithstanding there may have been no evidence upon which to base an allowance.

10. INFANTS, § 45*—*when allowance to guardian ad litem is not improper.* Where a fee of seventy-five dollars was allowed a guardian *ad litem, held* such allowance cannot be said to have been improper, notwithstanding there may have been no evidence upon which to base it.